Order issued February 26, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-10-00519-CV

_____

**OKON EYO ONYUNG, M.D., THE LAW OFFICES OF YUEN & ASSOCIATES, P.C., THE LAW OFFICES OF YUEN & ASSOCIATES, PLLC, AND XENOS YUEN, Appellants**

V.

**COMFORT NKASI ONYUNG, CHRISTINE ENEBONG ONYUNG, NNAEMEKA ODUNZE, INDIVIDUALLY AND AS TRUSTEE OF THE ONYUNG LIVING TRUST, ODUNZE & LAZ, L.L.P., AND VICTOR IHEZUKWU, Appellees**

---

On Appeal from the 434th District Court
Fort Bend County, Texas
Trial Court Case No. 04-CV-140141

---

### ORDER ON CONTINUING ABATEMENT

On January 31, 2013, this court issued an opinion and judgment in this case.

On February 21, 2013, appellant Xenos Yuen informed the court that he had filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on January 21, 2013, ten days before the issuance of the court's opinion.[*]

Section 362(a) of the United States Bankruptcy Code provides that once a petition in bankruptcy is filed, it operates as an automatic stay against the commencement or continuation of any judicial, administrative, or other proceeding against the debtor.  11 U.S.C. §362(a).  Any actions taken in violation of the automatic stay, including judgments or other court actions, are void.  *Kalb v. Feuerstein,* 308 U.S. 433, 440, 60 S. Ct. 343, 346–47 (1940); *York v. State*, 373 S.W.3d 32, 40 (Tex. 2012).  Because an appeal is a continuation of judicial action, it is automatically stayed if it is "against the debtor."  11 U.S.C. § 362(a).  Generally, if the debtor was the plaintiff in the court below, the stay does not apply; however, if the debtor was the defendant, as was the case here, any further action is stayed.  *See Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 230 n.4 (5th Cir. 1986).

Rule 8.1 of the Texas Rules of Appellate Procedure provides that any party may file a notice that a party is in bankruptcy.  Rule 8.2 of the Texas Rules of Appellate Procedure provides:

A bankruptcy suspends the appeal and all periods in these rules from

---

[*] Yuen filed a bankruptcy petition United States Bankruptcy Court for the Southern District of Texas, case no. 13-30249.

the date when the bankruptcy petition is filed until the appellate court reinstates or severs the appeal in accordance with federal law. A period that began to run and had not expired at the time the proceeding was suspended begins anew when the proceeding is reinstated or severed under 8.3. A document filed by a party while the proceeding is suspended will be deemed filed on the same day, but after, the court reinstates or severs the appeal and will not be considered ineffective because it was filed while the proceeding was suspended.

TEX. R. APP. P. 8.2. Rule 8.3 of the Texas Rules of Appellate Procedure provides that "a party may move the appellate court to reinstate the appeal if permitted by federal law or the bankruptcy court." It also provides that "[a] party may move to sever the appeal with respect to the bankrupt party and to reinstate the appeal with respect to the other parties." TEX. R. APP. P. 8.3.

By virtue of Rule 8.2, the Court **abates** the entire appeal. We also withdraw our opinion and judgment of January 31, 2013. This order does not preclude reissuance of the same opinion and judgment once the bankruptcy stay is lifted. *See Howell v. Thompson,* 839 S.W.2d 92 (Tex. 1992) (order).

The parties are **ordered** to notify this court when the bankruptcy stay is lifted, by termination of the bankruptcy or otherwise. The court will not rule on any pending motions until the bankruptcy stay is lifted.

It is so **ORDERED.**

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.

3